UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

DAVID RIVERA,

                                    Plaintiff,

      -against-

CITY OF NEW YORK,
DIANA PICHARDO, individually,
EMILIO APONTE, individually,
JOHN DOE 1 through 17, individually, and
JANE DOE 1, individually, (the names John
and Jane Doe being fictitious, as the true names
are presently unknown),

                                    Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

Index No.

<u>Jury Trial Demanded</u>

       Plaintiff DAVID RIVERA, by his attorney, Jason Leventhal, Esq., complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

       1.      Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## **JURISDICTION**

       2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## **VENUE**

       4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## **JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## **PARTIES**

6. Plaintiff DAVID RIVERA is a forty-five-year old man residing in Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, defendant CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, DIANA PICHARDO, EMILIO APONTE, JOHN DOE 1 through 17, and JANE DOE 1, were duly sworn officers of the NYPD and were acting under the supervision of the NYPD and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were committed by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

# FACTS

12.  On March 8, 2015, at approximately 12:30 a.m., plaintiff DAVID RIVERA was lawfully present in his home, an apartment located on the third floor of 2294 West 8th Street, Brooklyn, New York 11223.

13.  At that time, RIVERA heard loud noises in the hallway outside his apartment. RIVERA then stepped into the hallway and observed a physical struggle between one of his neighbors and two uniformed NYPD officers.

14.  RIVERA immediately began recording the incident with his cellular phone. At no time did RIVERA interfere with the actions of the police officers.

15.  Eventually, a number of additional police officers, including defendant DIANA PICHARDO, arrived at the location.

16.  PICHARDO pointed her gun at RIVERA and yelled, in sum and substance - - move down the hallway.

17.  RIVERA complied with PICHARDO'S order and moved away from PICHARDO and down the hallway.

18.  Another police officer then told RIVERA to enter his apartment.

19.  RIVERA complied and entered his apartment. While RIVERA stood in his apartment, he kept his front door open and continued to record the incident between the police and his neighbors.

20.  Shortly thereafter, PICHARDO yelled to other officers, in sum and substance - - I want that phone, I want everyone from that apartment.

21.  Suddenly, while RIVERA was standing inside his apartment, PICHARDO approached RIVERA, yelled, in sum and substance - - give me the fuckin phone mother fucker, and grabbed RIVERA'S cellular phone out of his hand.

22.    Defendants JOHN DOE 1 and 2 then grabbed RIVERA, pulled him out of his apartment and, together with defendant JOHN DOE 3, slammed him into the hallway wall and placed severely over tight handcuffs on his wrists.

23.    RIVERA immediately asked JOHN DOE 1, 2, and 3 to loosen the handcuffs and informed said defendants that the handcuffs were too tight and causing pain.

24.    JOHN DOE 1, 2, and 3 ignored RIVERA'S requests and complaints and did not inspect or loosen said handcuffs.

25.    PICHARDO and approximately five unidentified police officers (defendants JOHN DOE 4 through 8) without permission, authority, a valid search warrant, or any legal justification whatsoever, then unlawfully entered and searched RIVERA'S apartment.

26.    During the unlawful search of RIVERA'S apartment, JOHN DOE 4, an African-American male police officer asked RIVERA'S friend, who was present inside RIVERA'S apartment, if there were drugs or guns in the apartment.  When RIVERA'S friend responded that there were no guns or drugs in the apartment, JOHN DOE 4 replied, in sum and substance - - we're going to bring dogs in here to search.

27.    Thereafter, officers escorted RIVERA downstairs and imprisoned him in a police van.  The officers did not secure RIVERA in said van with a seatbelt or otherwise.

28.    While RIVERA was imprisoned in the police van, RIVERA repeatedly stated to defendant JOHN DOE 9, in sum and substance - - the handcuffs are too tight, I cannot feel my thumbs, and requested that JOHN DOE 9 loosen his handcuffs.

29.    JOHN DOE 9 ignored RIVERA'S complaints and requests, and did not inspect or loosen RIVERA'S handcuffs.  JOHN DOE 9 stated, in sum and substance - - relax, they'll get loose in a bit, hold on, give me a second.

30. Approximately ten minutes later, defendants JOHN DOE 10 and 11, the driver and passenger of the police van, transported RIVERA to the PSA-1 Housing Precinct.

31. RIVERA repeatedly complained to JOHN DOE 10 and 11, stating, in sum and substance - - the handcuffs are too tight, I cannot feel my thumbs, and requested that JOHN DOE 10 and 11 loosen his handcuffs.

32. JOHN DOE 10 and 11 ignored RIVERA's complaints and requests, and did not inspect or loosen RIVERA'S handcuffs. JOHN DOE 10 or 11 stated, in sum and substance, when we get to the precinct we'll loosen them.

33. After RIVERA arrived at the precinct, JOHN DOE 11 brought RIVERA to the desk supervisor, defendant JANE DOE 1, a white female police officer. RIVERA stated to JANE DOE 1, in sum and substance - - can you loosen these cuffs now. JANE DOE 1 responded, in sum and substance - - in a minute. JANE DOE 1 did not inspect or loosen RIVERA'S handcuffs.

34. Thereafter, NYPD officers searched RIVERA, placed him in a room, and handcuffed his left wrist to a pole at shoulder height while he was seated in a chair.

35. While in said room, RIVERA repeatedly stated to defendant JOHN DOE 12, an African-American male police officer, in sum and substance - - the handcuff is too tight, I cannot feel my thumb and requested that JOHN DOE 12 loosen the handcuff.

36. JOHN DOE 12 responded, in sum and substance - - hold on, they will be swapping out those handcuffs, that's when they'll loosen them. JOHN DOE 12 did not inspect or loosen the handcuff.

37. RIVERA was restrained in said room by said over tight handcuff and repeatedly complained to multiple unidentified police officers that the handcuff was too tight. Said unidentified officers ignored RIVERA'S complaints and did not inspect or loosen said handcuff.

38. After approximately one hour, an NYPD officer loosened RIVERA'S handcuff but he remained imprisoned in said room with his wrist cuffed to a pole at shoulder height while he was seated.

39. Thereafter, defendant JOHN DOE 13 placed overly tight handcuffs on both of RIVERA'S wrists and transported RIVERA to the NYPD's 60th precinct station house.

40. RIVERA repeatedly stated to JOHN DOE 13, in sum and substance - - the handcuffs are too tight, I cannot feel my thumbs, and requested that JOHN DOE 13 loosen the handcuffs.

41. JOHN DOE 13 ignored RIVERA'S complaints and requests and did not inspect or loosen RIVERA'S handcuffs.

42. After arriving at the 60th precinct, RIVERA was imprisoned in a room, his handcuffs were removed and he was interviewed by defendant APONTE, who informed RIVERA that he had possession of RIVERA'S cellular phone.

43. APONTE then asked RIVERA, in sum and substance - - to provide the security code to open his cellular phone so that APONTE could view the video of the incident which occurred earlier that morning in the hallway of 2294 West 8th Street.

44. RIVERA told APONTE that he would provide him with a copy of the video but indicated that he would not unlock his cellular phone.

45. APONTE then began to describe some of the personal content of RIVERA'S cellular phone and informed RIVERA that he had already viewed some of the material on RIVERA'S phone by removing the memory card from the phone.

46. APONTE did not have a warrant, permission or authority to remove the memory card from RIVERA'S cellular phone, nor did APONTE have a warrant, permission or authority to view the material on RIVERA'S cellular phone.

47. RIVERA remained imprisoned in the 60th precinct for approximately 12 hours.

48. Thereafter, RIVERA was restrained by handcuffs and ankle shackles that were both in an over tight positions. RIVERA complained to defendants JOHN DOE 14, 15 and 16, three white male officers and defendant JOHN DOE 17, a black male officer, that the handcuffs and ankle shackles were too tight, that his thumbs were numb, that he couldn't walk because the ankle shackles were too tight, and requested that the officers loosen his restraints. Said defendants ignored RIVERA'S complaints and requests and did not inspect or loosen RIVERA'S handcuffs or shackles.

49. RIVERA was then escorted to an NYPD prisoner van for transport to Kings County central booking. When RIVERA attempted to enter the van while restrained by said handcuffs and ankle shackles, RIVERA tripped and fell against the bench, injuring his right shoulder.

50. RIVERA was transported to Kings County central booking while restrained in the above described manner and was not secured in said van by a seatbelt or any other device.

51. When RIVERA arrived inside central booking, NYPD officers removed the ankle shackles and loosened his handcuffs.

52. In central booking, RIVERA requested medical attention for his wrists and shoulder. NYPD officers told RIVERA, in sum and substance - - that receiving medical attention would significantly delay his arraignment and his release from police custody.

53. RIVERA, fearing that he would be held for an extended period of time, decided to wait until he was released from police custody to seek medical treatment.

54. While at central booking, RIVERA was told that he had been charged with three felonies and a misdemeanor for assaulting police officers. These charges were entirely false and

7

were based on fabricated evidence that was provided by, upon information and belief, PICHARDO.

55. On March 9, 2015, at approximately 8:00 p.m., approximately 43 hours after PICHARDO falsely arrested RIVERA, RIVERA was released after the Kings County District Attorney declined prosecution of all charges that PICHARDO attempted to file against RIVERA.

56. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the CITY OF NEW YORK, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees.

57. Following the incident, RIVERA filed a complaint with the CITY OF NEW YORK'S Civilian Complaint Review Board ("CCRB") under Complaint No. 201501935. The CCRB substantiated RIVERA'S allegations, namely, that defendant PICHARDO abused her authority by entering and searching RIVERA'S home, used unreasonable force against RIVERA, and was discourteous towards RIVERA.

58. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CCRB) that many NYPD officers, including the defendants, are insufficiently trained, supervised, and disciplined regarding: reporting misconduct of other officers; the use of excessive force; searching individuals and their private property; seizing individual's personal property including cellular phones used to record police conduct; entering and searching an individual's home; the use of over tight handcuffs; and the inspection/adjustment of handcuffs when an individual complains that handcuffs are too tight.

59. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice,

defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

60.	Specifically, defendant PICHARDO has been named as a defendant in at least nineteen other federal lawsuits filed in the Eastern District of New York wherein said plaintiffs brought civil rights claims against PICHARDO arising from her conduct as an NYPD officer, including allegations that PICHARDO falsely arrested the plaintiff, fabricated evidence against the plaintiff, and malicious prosecuted the plaintiff.  Despite such notice, defendant CITY of NEW YORK has retained PICHARDO, and failed to adequately train and supervise her.

61.	Defendant CITY OF NEW YORK is further aware that such improper supervision and training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate plaintiffs' civil rights.

62.	All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

63.	 All of the aforementioned acts deprived plaintiff DAVID RIVERA of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

64.	The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

65.	The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police

Department, all under the supervision of ranking officers of said department.

66. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

67. As a result of the foregoing, plaintiff DAVID RIVERA sustained, *inter alia*, physical and psychological injuries, pain and mental anguish, emotional distress, embarrassment, humiliation, and deprivation of his liberty and constitutional rights.

68. As a result of the foregoing, plaintiff DAVID RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## **Federal Claims**

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 as to defendant PICHARDO)

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Defendant PICHARDO arrested plaintiff DAVID RIVERA without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

71. Defendant PICHARDO caused plaintiff DAVID RIVERA to be falsely arrested and unlawfully imprisoned.

72. As a result of the foregoing, plaintiff DAVID RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Fourth Amendment Claim of Unreasonable Seizure under 42 U.S.C. § 1983
as to defendant PICHARDO)

73. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Defendant PICHARDO, unreasonably seized the cellular phone of plaintiff DAVID RIVERA.

75. Defendant PICHARDO unreasonably seized the cellular phone of plaintiff DAVID RIVERA thereby causing plaintiff to suffer emotional distress, embarrassment and humiliation.

76. As a result of the foregoing, plaintiff DAVID RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Unlawful Entry into the Home under 42 U.S.C. § 1983
as to defendants PICHARDO and JOHN DOE 4 through 8)

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Defendants PICHARDO and JOHN DOE 4 through 8 unlawfully entered plaintiff DAVID RIVERA'S home without a warrant authorizing their entry or any lawful justification.

79. As a result, plaintiff's right to be free from an unlawful entry into the home via the Fourth Amendment was violated.

80. As a result of the foregoing, plaintiff DAVID RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Fourth Amendment Claim of Unreasonable Search under 42 U.S.C. § 1983
as to defendants PICHARDO and JOHN DOE 4 through 8)

81. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Defendants PICHARDO and JOHN DOE 4 through 8 unreasonably searched plaintiff DAVID RIVERA'S home thereby causing plaintiff to suffer emotional distress, embarrassment, humiliation, and loss of his privacy.

83. As a result of the foregoing, plaintiff DAVID RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Fourth Amendment Claim of Unreasonable Search under 42 U.S.C. § 1983)
as to defendant APONTE

84. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Defendant APONTE unreasonably searched the private content of plaintiff DAVID RIVERA'S cellular phone thereby causing plaintiff to suffer emotional distress, embarrassment, humiliation, and loss of his privacy.

86. As a result of the foregoing, plaintiff DAVID RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983
as to defendants PICHARDO, JOHN DOE 1 through 3, 9 through 17, and JANE DOE 1)

87. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. The level of force employed by defendants PICHARDO, JOHN DOE 1 through 3, 9 through 17, and JANE DOE 1 was excessive, objectively unreasonable and otherwise in violation of plaintiff DAVID RIVERA'S constitutional rights.

89. As a result of the aforementioned conduct, plaintiff DAVID RIVERA was subjected to excessive force and sustained physical injuries, pain and mental anguish, and emotional distress.

90. As a result of the foregoing, plaintiff DAVID RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 as to defendant CITY OF NEW YORK)

91. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

93. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, police officers: failing to report misconduct of other officers; using excessive force against individuals; unlawfully searching individuals; unlawfully seizing an individual's personal property; unlawfully entering

and searching homes without a valid search warrant or lawful justification; the use of over tight handcuffs; and the failure to inspect/adjust over tight handcuffs when an individual complains that handcuffs are too tight.

94. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff DAVID RIVERA'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

95. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff DAVID RIVERA.

96. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DAVID RIVERA as alleged herein.

97. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff DAVID RIVERA as alleged herein.

98. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff DAVID RIVERA was subjected to excessive force, his home was unlawfully entered and searched, his cellular phone was unlawfully seized and searched, and he was unlawfully arrested.

99. Defendants, collectively and individually, while acting under color of state law,

were directly and actively involved in violating plaintiff DAVID RIVERA'S constitutional rights.

100. All of the foregoing acts by defendants deprived plaintiff DAVID RIVERA of federally protected rights, including, but not limited to, the right:

    A. To be free from unlawful entry into his home;

    B. To be free from false arrest/unlawful imprisonment; and

    C. To be free from unreasonable search and seizure; and

    D. To be free from excessive force.

101. As a result of the foregoing, plaintiff DAVID RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

102. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

104. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

105. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

106. Plaintiff has complied with all conditions precedent to maintaining the instant

action.

107. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York
as to defendants PICHARDO and CITY OF NEW YORK)

108. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109. Defendant PICHARDO arrested plaintiff DAVID RIVERA without probable cause.

110. Defendant PICHARDO caused plaintiff DAVID RIVERA to be detained against his will for an extended period of time and subjected him to physical restraints.

111. As a result of the aforementioned conduct, plaintiff DAVID RIVERA was unlawfully imprisoned in violation of the laws of the State of New York.

112. As a result of the aforementioned conduct, plaintiff DAVID RIVERA suffered physical pain and mental anguish, together with embarrassment, humiliation, shock, fright, and loss of freedom.

113. As a result of the foregoing, plaintiff DAVID RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York
as to defendants PICHARDO, JOHN DOE 1 through 3, 9 through 17, JANE DOE 1,
and CITY OF NEW YORK)

114. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115. Defendants PICHARDO, JOHN DOE 1 through 3, 9 through 17, and JANE DOE 1 placed plaintiff DAVID RIVERA in apprehension of imminent harmful and offensive bodily contact.

116. As a result of the foregoing, plaintiff DAVID RIVERA was placed in apprehension of imminent harmful and offensive bodily contact and has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

117. As a result of defendant's conduct, plaintiff DAVID RIVERA has suffered physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

118. As a result of the foregoing, plaintiff DAVID RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Battery under the laws of the State of New York
as to defendants PICHARDO, JOHN DOE 1 through 3, 9 through 17, JANE DOE 1,
and CITY OF NEW YORK)

119. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120. Defendants PICHARDO, JOHN DOE 1 through 3, 9 through 17, and JANE DOE 1 made offensive contact with plaintiff DAVID RIVERA without privilege or consent.

121. As a result of defendants' conduct, plaintiff DAVID RIVERA has suffered physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

122. As a result of the foregoing, plaintiff DAVID RIVERA is entitled to compensatory

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York
as to defendants JOHN DOE 1 through 3, 9 through 17, JANE DOE 1,
and the CITY OF NEW YORK)

123. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "122" with the same force and effect as if fully set forth herein.

124. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendants JOHN DOE 1 through 3, 9 through 17, and JANE DOE 1, who were on duty and acting in the scope of their employment when they ignored plaintiff's complaints that his handcuffs were too tight and who refused to inspect or loosen plaintiff's handcuffs.

125. As a result of the foregoing, plaintiff DAVID RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN TWELFTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York
as to defendant CITY OF NEW YORK)

126. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "125" with the same force and effect as if fully set forth herein.

127. Defendant CITY OF NEW YORK is vicariously liable for the acts its employees and agents, including but not limited to defendants PICHARDO, APONTE, JOHN DOE 1 through 17, and JANE DOE 1, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

128. As a result of the foregoing, plaintiff DAVID RIVERA is entitled to compensatory

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12 as to all defendants)

129. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "128" with the same force and effect as if fully set forth herein.

130. As a result of defendants' conduct, plaintiff DAVID RIVERA was deprived of his right to security against unreasonable searches, seizures, and interceptions.

131. As a result of the foregoing, plaintiff DAVID RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff DAVID RIVERA demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the individual defendants in an amount to be determined by a jury;

(C)  reasonable attorneys' fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       June 5, 2016

By:   s/ _____
      JASON LEVENTHAL (JL1067)
      LEVENTHAL LAW GROUP, P.C.
      Attorneys for Plaintiff DAVID RIVERA
      45 Main Street, Suite 230
      Brooklyn, New York 11201
      (718) 556-9600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

DAVID RIVERA,

                                              Plaintiff,

                                                                                                         Index No.

            -against-

CITY OF NEW YORK,
DIANA PICHARDO, individually,
EMILO APONTE, individually,
JOHN DOE 1 through 17, individually, and
JANE DOE 1, individually, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                             Defendants,

-----------------------------------------------------------------------------X


**COMPLAINT**


**LEVENTHAL LAW GROUP, P.C.**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600